UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

Nov 14  3 14 PM '03

U.S. DISTRICT COURT

| | |
|---|---|
| CITIZENS COMMUNICATIONS COMPANY, | ) |
| Plaintiff, | ) Civil Action Number<br>) 301 CV 948 (MRK) |
| v. | ) |
| TRUSTMARK INSURANCE COMPANY,<br>RMTS ASSOCIATES, LLC and<br>AMERICAN STOP LOSS INSURANCE<br>BROKERAGE SERVICES, INC., | ) |
| Defendants. | ) November 14, 2003 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN FURTHER
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AND
IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

I. SUMMARY OF CITIZENS' CASE

Plaintiff Citizens Communications Company ("Citizens") is a telecommunications company headquartered in Stamford. From 1998 to 2000, Citizens had a self-funded employee welfare benefits plan, under ERISA (the "Plan") that provided group healthcare benefits to Citizens' employees and their dependents ("Plan Beneficiaries), including Garry Lonquist, Thomas Grimme, Patrick Leggett, and Joan Hammelman. North American Benefits Network, Inc. ("NABN") was the Plan's third-party administrator.

For 1999, Defendant Trustmark Insurance Company ("Trustmark"), through its agent, defendant RMTS Associates, Inc. ("RMTS"), sold Citizens stop loss insurance that was supposed to reimburse Citizens for what it paid to healthcare providers who had rendered eligible Plan benefits to Plan Beneficiaries. Under the 1999 Policy, Trustmark's limit of liability to Citizens was $1,000,000 per Plan Beneficiary, subject to a "Retention" or deductible of $100,000 per Plan Beneficiary. Trustmark renewed the 1999 Policy for 2000 on the same

terms, except for a 5% premium increase. The 1999 Policy is Exhibit D to the July 1, 2002 Declaration of Joann S. Farrall ("7/1/02 Farrall Decl."), and the Renewal Policy is Exhibit E to the same Declaration. Defendant American Stop Loss Insurance Brokerage Services, Inc. ("ASL") was Citizens' insurance broker for the Trustmark stop loss insurance.

Citizens brought this action against Trustmark and RMTS[1] when they failed to reimburse Citizens, under the 1999 Policy, for the money, less deductibles, that Citizens had paid to healthcare providers on behalf of Thomas Leggett ($160,885), Patrick Grimme ($232,247), and Joan Hammelman ($291,714)[2] and, under the Renewal Policy the money, less deductibles, that Citizens had paid to healthcare providers on behalf of Garry Lonquist ($825,972).

Citizens' claims against ASL[3] are in the alternative to its claims against Trustmark and RMTS. If a jury decides that neither Trustmark nor RMTS is liable to Citizens for the Lonquist, Grimme, and Leggett claims based on ASL's negligence as Citizens' insurance broker, then ASL is liable to Citizens for damages in connection with those claims.

II. CITIZENS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Citizens moved for summary judgment on part of its First and Third Claims for Relief as against Trustmark. With regard to part of its First Claim for Relief, Citizens' motion seeks a declaratory judgment that the Renewal Policy did not provide a separate $1,000,000 deductible for Garry Lonquist, such that the Policy would not cover any Lonquist claims because the deductible for Mr. Lonquist would equal Trustmark's $1,000,000 limit of liability to Citizens for such claims. ***This relief can be granted to Citizens without reference to any deposition***

---

[1] Citizens does not oppose a dismissal of the First, Second, Third, and Fourth Claims for Relief against RMTS.
[2] Approximately 1 year after Citizens commenced this litigation, Trustmark and/or RMTS reimbursed Citizens in the amount of $235,817 for the Hammelman claim. As a result, Citizens decided not to seek the remainder here.
[3] Citizens does not oppose a dismissal of the Tenth Claim for Relief against ASL.

2

*testimony.* The Renewal Policy contains a merger or "Entire Contract" clause (see 7/1/02 Farrall Decl., Ex. E at 10), and the Renewal Policy is a fully integrated contract. The "four corners" of the Renewal Policy contains *no* Endorsement or Amendment setting a separate deductible of $1,000,000 for Mr. Lonquist. See 7/1/02 Farrall Decl., Ex. E. Accordingly, Trustmark and RMTS cannot rely on and the Court cannot consider extrinsic evidence in order to alter the terms of the Renewal Policy by setting a separate deductible of $1,000,000 for Lonquist.[4] See Tallmadge Brothers, Inc. v. Iroquois Gas Transmission System, L.P., 252 Conn. 479, 746 A.2d 1277 (2000); Associated Catalog Merchandisers, Inc. v. Chagnon, 210 Conn. 734, 557 A.2d 525 (1989); Benvenuti Oil Co. v. Foss Consultants, Inc., 64 Conn. App. 723, 781 A.2d 435 (2001).

With regard to part of its Third Claim for Relief, Citizens' motion seeks a judgment that Trustmark breached the 1999 Policy by not reimbursing Citizens for having paid the eligible Plan benefits received by Mr. Leggett and Mr. Grimme. Both men were "Covered Persons" under the 1999 Policy who received eligible Plan benefits in 1999 that Citizens paid in accordance with the Plan. No language in the 1999 Policy entitled Trustmark to refuse to reimburse Citizens, less deductibles, for what Citizens had paid on behalf of Messrs. Leggett and Grimme.

III. CITIZENS' OPPOSITION TO TRUSTMARK'S AND RMTS'S MOTIONS FOR SUMMARY JUDGMENT

Trustmark seeks summary judgment in connection with the Lonquist claim primarily on the grounds that it was legally entitled to rescind or terminate the Renewal Policy, as a voidable contract, because Citizens and/or its agent, NABN, had misrepresented material facts by failing to disclose, sometime between September and December of 1999, when Trustmark and RMTS

---

[4] Citizens understands that Trustmark and RMTS would like to rely upon evidence outside the contract such as a letter written by Citizens' benefits director. See 7/1/02 Farrall Decl. Ex. G.

3

were deciding whether to renew the 1999 Policy, that the eligible Plan benefits for Mr. Lonquist's *November 30, 1999* heart valve replacement surgery would exceed $100,000. Trustmark presented no evidence that Citizens knew this, and NABN's denial of that knowledge (see Dewsnup and Bittner Declarations, Vol. II of Exhibits to Citizens' Opposition, Exs. E and F), creates a material issue of fact for trial. See Middlesex Mut. Assur. Co. v. Walsh, 218 Conn. 681, 590 A.2d 957 (1991) (an actionable misrepresentation by a policyholder requires *scienter* and intent to deceive in order to render an insurance policy voidable); Murtha v. Golden Rule Ins. Co., No. Civ. A. 3:98-CV-975JCH, 2001 WL 256145 (D.Conn. 2001).

Trustmark also seeks summary judgment on the Leggett claim, under the 1999 Policy, primarily on the grounds that Citizens did not disclose in 1998, when Trustmark and RMTS were deciding whether to sell the 1999 Policy, that insulin-dependent Mr. Leggett had been on a waiting list since 1996 or 1997 to receive a costly pancreatic transplant. Although Citizens may have known that fact, neither Citizens nor Mr. Leggett himself knew that he would reach the top of the transplant list on April 1, 1999 and that he would have the transplant procedure that very day. See Leggett Declaration, Vol. II of Exhibits to Citizens' Opposition, Ex. D. The Leggett declaration overcomes Trustmark's motion, and it further supports Citizens' motion for summary judgment.

Trustmark did not move for summary judgment on the Grimme claim. Instead, Trustmark opposed Citizens' motion primarily on the grounds that Citizens did not disclose in 1998, when Trustmark and RMTS were deciding whether to sell the 1999 Policy, that a June 1998 entry in Mr. Grimme's disability file indicated that he had a brain tumor. Even assuming Citizens' benefits department knew that before the inception of the 1999 Policy, on January 1, 1999, there is still no evidence of record that Citizens knew that Mr. Grimme would have costly

4

brain surgery in 1999. Any other ground that Trustmark raised to defeat Citizens' motion for summary judgment on the Grimme claim, *e.g.*, that Grimme was not a "Covered Person" under the 1999 Policy, is not supported by an alleged affirmative defense.

Finally, with regard to Trustmark's and RMTS's motions for summary judgment on Citizens' good faith and fair dealing claim and on its CUIPA and CUTPA claims, genuine issues of material fact exist as to whether they misrepresented the terms of the 1999 Policy in order to attempt to justify their denial of the Leggett and Grimme claims, see C.G.S §38a-816(6)(a), and whether they wrongfully conditioned the payment of the Lonquist claim if Citizens would agree to abandon the Leggett, Grimme, and Hammelman claims, see C.G.S §38a-816(6)(f),(g),(h),(m). To the extent that the CUIPA and CUPTA claims require proof that Trustmark and RMTS committed unfair claim practices with such frequency as to indicate a general business practice, Citizens has identified 5 other "bad faith" cases filed against Trustmark and/or RMTS, at least one of which has settled.

## IV. CITIZENS' OPPOSITION TO ASL'S MOTION FOR SUMMARY JUDGMENT

As to Citizens' Eighth Claim for Relief against ASL, alleging negligence with regard to the 1999 Policy, ASL did not argue that it was not negligent, as alleged, as a matter of law. Instead, ASL argued that, if Citizens is granted summary judgment as to the Grimme and Leggett claims under the 1999 Policy, then ASL is entitled to a dismissal of the Eighth Claim for Relief without prejudice. Citizens agrees.

As to Citizens' Ninth Claim for Relief, ASL again did not argue that it was not negligent, as alleged, as a matter of law. As long as Trustmark may argue that it was legally entitled to rescind the Renewal Policy because ASL, on behalf of Citizens, did not accept the Policy in a timely matter, this Claim for Relief should not be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff Citizens respectfully requests that its motion for partial summary judgment be granted and that Defendants' motions for summary judgment be denied.

THE PLAINTIFF,
CITIZENS COMMUNICATIONS COMPANY

By: *[signature]*
Joseph M. Pastore III, Esq. (CT 11431)
Thomas J. Lengyel, Esq. (CT 21488)
Brown Raysman Millstein Felder & Steiner, LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103
\*   \*   \*
900 Third Avenue
New York, NY 10022

John W. Fried, Esq.
Fried & Epstein, LLP
1350 Broadway, Suite 1400
New York, NY 10018

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on November 14, 2003, to the following counsel of record:

Jeffrey M. Donofrio, Esq.
Robert K. Ciulla, Esq.
Ciulla & Donofrio, LLP
127 Washington Avenue
P.O. Box 219
North Haven, CT 06473

Deborah Etlinger, Esq.
Gary M. Case, Esq.
Wolf, Horowitz, Etlinger & Case, LLC
99 Pratt Street, Fourth Floor
Hartford, CT 06106-1817

Michael William Coffey, Esq.
Edward Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
One Stamford Plaza
263 Tresser Blvd. 9th Floor
Stamford, CT 06901

Joseph M. Pastore III

HARTFORD 80427v1