UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
************************************
                                   *
CITIZENS COMMUNICATIONS            *
COMPANY,                           *
                                   *    CIVIL ACTION
              Plaintiff,           *    NO.  3:01 CV 948 (MRK)
vs.                                *
                                   *
TRUSTMARK INSURANCE COMPANY,       *
RMTS ASSOCIATES, LLC and           *
AMERICAN STOP LOSS INSURANCE       *
BROKERAGE SERVICES, INC.,          *
                                   *
              Defendants.          *
                                   *    NOVEMBER 24, 2003
                                   *
************************************
```

### REPLY OF DEFENDANTS TRUSTMARK INSURANCE COMPANY AND RMTS ASSOCIATES, LLC TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

Trustmark Insurance Company ("Trustmark") and RMTS Associates, LLC ("RMTS"), defendants in the above-captioned matter, hereby submit their reply to the Plaintiff's November 14, 2003 *Supplemental Memorandum in Further Support of its Motion for Partial Summary Judgment and in Opposition to Defendants' Motions for Summary*

*Judgment* dated November 14, 2003.[1]

I. **BACKGROUND**

On October 23, 2003, the Court conducted a telephonic status conference with the parties wherein the Court entered certain Orders. First, the Court ordered that Plaintiff file, by November 14, 2003, a schematic or diagram essentially setting forth a list of what counts of Plaintiff's Complaint are implicated by the four pending motions for summary judgment. The Court ordered that the Plaintiff file the aforementioned document as a supplemental filing rather than in the form of a letter and that the document not exceed five pages. The Court made very clear during the October 23rd status conference (at least in the opinion of this defense counsel) that it did not want additional argument from the parties in the supplemental filings. The Court ordered that the defendants, if they deemed it necessary, could file a reply to the Plaintiff's filing by November 24, 2003.

During the October 23rd status conference, the Court also ordered the Plaintiff to provide a good faith settlement proposal to the Defendant by November 14, 2003. Trustmark and RMTS received Plaintiff's settlement proposal at approximately 4:40 p.m. on November 17th. The Court further ordered that the Defendants respond to the Plaintiff's settlement

---

[1] The Defendants received Plaintiff's Supplemental Memorandum on November 17, 2003.

proposal with a proposal of their own by November 24, 2003 and Defendants have complied therewith.

Instead of providing the Court with a schematic, diagram or similar document relating the respective summary judgment motions to the counts of its complaint, Plaintiff submitted additional argument with regard to the pending motions. In order to comply with the Court's order, Trustmark and RMTS set forth below a brief description of the motions that pertain to them and how said motions relate to the Plaintiff's Complaint. Although Trustmark and RMTS forebear from responding to the additional argument set forth in the Plaintiff's supplemental filing, such forbearance is the result of the Defendants' desire to comply with the Court's order and in recognition of the fact that the Court already has before it extensive briefing by the parties dealing with the merits of the respective motions.

II.     **Plaintiff's Motion for Summary Judgment**

Plaintiff's Motion for Partial Summary Judgment seeks summary judgment only as to its First and Third Claims for Relief. Plaintiff's First Claim for Relief seeks a declaratory judgment as to the deductible/retention level for Garry Lonquist under the 2000 medical stop loss insurance policy. The plaintiff's Third Claim for Relief is a breach of contract claim with regard to the 1999 medical stop loss insurance policy. Citizens seeks summary judgment as to the Leggett and Grimme claims in its Third Claim for Relief.

### III. RMTS's Motion for Summary Judgment

RMTS seeks summary judgment with respect to all claims set forth in the First through Fifth Claims for Relief. Plaintiff has conceded, both in its Memorandum in Opposition to the RMTS and Trustmark Motions for Summary Judgment, as well in footnote one of its current Supplemental Filing, that RMTS is entitled to summary judgment with respect to the First through Fourth Claims for Relief.

RMTS also seeks partial summary judgment as to the Plaintiff's Sixth and Seventh Claims to the extent that they seek damages relating to Garry Lonquist or Patrick Leggett.

### IV. Trustmark's Motion for Summary Judgment

Trustmark moved for summary judgment with regard to the Plaintiff's First through Seventh Claims for Relief to the extent that they seek relief for claims relating to Patrick Leggett or Garry Lonquist.

### V. ASL's Motion for Summary Judgment

The plaintiff sued American Stop Loss Insurance Brokerage Services, Inc. ("ASL") for negligence with regard to the 1999 medical stop loss insurance policy (Eighth Claim), negligence with regard to the 2000 policy (Ninth Claim) and negligent misrepresentation (Tenth Claim). ASL moved for summary judgment as to each claim against it.

            DEFENDANTS –
            TRUSTMARK INSURANCE COMPANY
            and RMTS ASSOCIATES, LLC

          By:_____
            Jeffrey M. Donofrio (ct07738)
            JDonofrio@cd-llp.com
            Robert K. Ciulla (ct04262)
            Rciulla@cd-llp.com
            Ciulla & Donofrio, LLP
            127 Washington Avenue,
            P.O. Box 219
            North Haven, Connecticut  06473
            Telephone: (203) 239-9828
            Fax:  (203) 234-0379

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was sent to all counsel and pro se parties of record on this 24th day of November, 2003 as follows:

Joseph M. Pastore, III, Esq.
Thomas J. Lengyel, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103

John W. Fried, Esq.
Fried & Epstein, LLP
1350 Broadway, Suite 1400
New York, NY 10018

Deborah Etlinger, Esq.
Gary Case, Esq.
Wolf Horowitz Etlinger Case & Ray, LLC
99 Pratt Street, Suite 401
Hartford, CT 06103

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
150 East 42nd Street
New York, NY  10017-5639

                                                              _____
                                                               Jeffrey M. Donofrio